ORIGINAL

# In the United States Court of Federal Claims

No. 15-806C

(Filed: August 12, 2015)

FILED

AUG 1 2 2015

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **GARRETT LEE JONES,** | ) ) ) | Claim by prisoner of improper federal contract funding of criminal enforcement on a tribal reservation; frivolous allegations; |
| Plaintiff, | ) ) | application of 28 U.S.C. § 1915A |
| v. | ) ) | |
| **UNITED STATES,** | ) ) | |
| Defendant. | ) ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Garrett Lee Jones, *pro se*, Marianna, Florida.

Melissa Baker, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

**OPINION AND ORDER**

LETTOW, Judge.

Plaintiff, Garrett Lee Jones, is "an enrolled Indian of the Red Lake Indian Reservation," Compl. at 1, who is currently serving a 30-year sentence in federal prison for crimes he committed on the Indian reservation, *see* Judgment in a Criminal Case ("Judgment") at 2, *United States v. Garrett Lee Jones*, Case No. 03-442 (D. Minn. June 14, 2005). Mr. Jones alleges numerous constitutional and statutory violations attendant to his indictment and subsequent conviction. *See* Compl. at 1-2. Among other things, he avers that the United States ("the government") "us[ed] federal contract funding . . . to illegally and prejudicially mandate the Red Lake Tribal Law & Justice Department to charge and indict [him] for [an] alleged violation of 18 U.S.C. § 2241(a)." Compl. at 1. He has filed a motion for a preliminary injunction and restraining order to bar the United States from its allegedly illegal actions in providing funding to the Red Lake Tribe. *See* Pl.'s Mot. for a Prelim. Inj. & Restraining Order ("Pl.'s Mot. for Prelim. Inj.") at 2-3, ECF No. 2.[1]

---

[1] Also pending before the court is Mr. Jones' application to proceed *in forma pauperis*. *See* Pl.'s Application to Proceed *In Forma Pauperis*, ECF No. 3, and a Notice of Directly Related Cases Pursuant to Rule 40.2 of the Rules of the Court of Federal Claims ("RCFC"), ECF No. 4. In the Notice, Mr. Jones identifies three other cases as directly related, namely *Fourstar*

## BACKGROUND[2]

In June 2005, Mr. Jones was convicted in the United States District Court for the District of Minnesota on four counts of aggravated sexual abuse. *See* Judgment at 1. Those offenses were committed on the Red Lake Indian Reservation in December 2001 and June 2002. *See id.*; *see also United States v. Jones*, 440 F.3d 927, 928-29 (8th Cir. 2006). After Mr. Jones was adjudicated guilty, the district court calculated the Sentencing Guidelines range and sentenced Mr. Jones to the Guidelines' minimum of 360 months in prison. Judgment at 2.[3] Mr. Jones' conviction and sentence were affirmed by the Eighth Circuit in 2006. *See Jones*, 440 F.3d 927 (holding that there was sufficient evidence to convict Mr. Jones for aggravated sexual abuse and that the trial court's application of the Sentencing Guidelines was permissible).

On July 20, 2015, Mr. Jones filed a handwritten complaint in this court alleging that the United States violated his rights under the United States Constitution and the Administrative Procedure Act by using "federal contract funding" to illegally support the charges against him of aggravated sexual abuse pursuant to 18 U.S.C. § 2241(a), a statute that Mr. Jones believes "has never been codified as a felony." Compl. at 1-2. Mr. Jones states that contract funding for the Red Lake Indian Reservation is derived from various federal statutes, including the Indian Self-Determination and Education Assistance Act, Public Law No. 93-638, 88 Stat. 2203 (codified, as amended, in scattered sections of titles 5, 25, 42, and 50 App. of the United States Code, including 25 U.S.C. §§ 450 through 458ddd-2). Compl. at 1. In Mr. Jones' view, the United States threatened to withhold funding from the Indian tribe if more "Indian cases per month (including [his] case) were not submitted for federal indictments [and] prosecutions." Compl. at 2. To meet those alleged requirements, Mr. Jones avers that the United States impermissibly "lower[ed] the evidentiary threshold for federal indictment and conviction from plausible to viable." Compl. at 2.

In terms of relief, Mr. Jones asks this court to issue a preliminary injunction and restraining order to prohibit the United States from threatening to withhold funding for Red Lake Tribal Programs, including, *inter alia*, "education, health care, housing, law enforcement, [and] advocacy." Pl.'s Mot. for Prelim. Inj. at 3; *see also* Compl. at 3. Mr. Jones also demands a jury trial, equitable tolling, the appointment of counsel, and "other relief appropriate under law." Compl. at 2.

---

*v. United States*, No. 15-14C, *Peters v. United States*, No. 15-528C, and *Little Coyote v. United States*, No. 15-723L.

[2]For the limited purpose of screening under 28 U.S.C. § 1915A, the facts alleged in Mr. Jones' complaint are deemed to be true and correct.

[3]Mr. Jones received sentencing enhancements based on the age of the victims and for being a repeat-sex-offender. *Jones*, 440 F.3d at 929 (citing *Federal Sentencing Guidelines Manual*, §§ 2A3.1(b)(2)(B) & 4B1.5(b)(1)).

## STANDARDS FOR DECISION

Title 28 of the United States Code Section 1915A provides that the court is obliged to "review . . . *as soon as practicable after docketing*, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a) (emphasis added). When carrying out this function, the court may dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also Miller v. United States*, No. 15-646C, 2015 WL 4710354, at *2 (Fed. Cl. Aug. 7, 2015); *Matthews v. United States*, 72 Fed. Cl. 274, 279 (2006). "Dismissals [under 28 U.S.C. § 1915A] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Frivolous claims are those that "describ[e] fantastic or delusional scenarios." *McCullough v. United States*, 76 Fed. Cl. 1, 3 (2006) (citation and quotation omitted); *see also Neitzke*, 490 U.S. at 325 ("[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). The court may find a claim to be factually frivolous when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The court may not, however, dismiss a complaint merely because the allegations are found to be "improbable" or "unlikely." *Id.*; *see also Neal v. United States*, No. 13-31C, 2013 WL 1801673, at *3 (Fed. Cl. Apr. 29, 2013) ("[T]he court must exercise caution, and cannot dismiss an *in forma pauperis* complaint 'simply because the court finds the plaintiff's allegations unlikely.'") (quoting *McCullough*, 76 Fed. Cl. at 3 (in turn quoting *Denton*, 504 U.S. at 33)).

When screening a complaint for failure to state a claim under Section 1915A, the court applies the same legal standard as it does when ruling on a Rule 12(b)(6) motion. *See Thorpe v. Little*, 804 F. Supp. 2d 174, 180 (D. Del. 2011) ("The legal standard for dismissing a complaint for failure to state a claim pursuant to . . . § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions."); *see also* RCFC 12(b)(6). Thus, when considering whether a complaint states a claim for which relief may be granted, the court must "draw on its judicial experience and common sense," *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009), and "must accept as true the complaint's undisputed factual allegations," *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citing *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). Accepted as true, the plaintiff's complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Moreover, the facts alleged must "'plausibly suggest[] (not merely [be] consistent with)' a showing of entitlement to relief." *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Although the complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 555, it must put forward more than "naked assertion[s] devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (alteration in original), or "the-defendant-unlawfully-harmed-me-accusation[s]," *id.* (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

Upon screening Mr. Jones' complaint under 28 U.S.C. § 1915A, the court finds that it is riddled with allegations that are frivolous. Mr. Jones' alleged statutory and constitutional violations are wholly irrational in law and fact. *See* Compl. at 1-2. And, even liberally construed, Mr. Jones' complaint fails to make a facially plausible showing of wrongdoing by the United States or a federal agency. *See Iqbal*, 556 U.S. at 678. Rather, the complaint is conclusory; it contains vague assertions against the government that are devoid of any factual support. *See id.* For example, Mr. Jones avers that the United States "illegally . . . use[d] federal contract funding" to force Indian tribes to submit more "Indian cases per month . . . for federal indictments and prosecutions," Compl. at 2, but he does not offer a single piece of evidence to show such illegal practice or policy by anyone in the government. Additionally, he provides no support for his contention that the United States "lower[ed] the evidentiary threshold for federal indictment [in Indian cases]." Compl. at 2. Ostensibly, Mr. Jones' allegations amount to a collateral attack of his 2005 conviction and incarceration.

In sum, Mr. Jones' complaint fails to state even one cognizable or non-frivolous claim against the United States, and therefore will be dismissed pursuant to 28 U.S.C. § 1915A. *See Miller*, 2015 WL 4710354, at *3 (dismissing complaint that was "rife with frivolous allegations" and contained "conclusory allegations").[4]

## COMPLAINT

For the reasons stated, Mr. Jones' complaint is dismissed pursuant to 28 U.S.C. § 1915A. Mr. Jones' motion for a preliminary injunction and temporary restraining order is also DENIED. The clerk shall enter judgment in accord with this disposition.

Mr. Jones' application for leave to proceed *in forma pauperis* is GRANTED, subject to his payment of the fees prescribed by 28 U.S.C. § 1915.

No costs.

---

[4] Mr. Jones is cautioned that under 28 U.S.C. § 1915(g), unless he is in imminent danger of serious physical injury, he will be prevented from filing any further actions in this court during his incarceration without the prepayment of fees, if "he accumulates three or more 'strikes,' *i.e.*, if he files more than three actions or appeals in federal court that are dismissed as frivolous, malicious, or failing to state a claim." *Gravatt v. United States*, 100 Fed. Cl. 279, 288-89 (2011); *see also Fourstar v. United States*, __ Fed. Cl. __, 2015 WL 4710353, at *4 (Fed. Cl. Aug. 6, 2015) (prohibiting an incarcerated plaintiff from filing further claims in the Court of Federal Claims under Section 1915 when he had filed "at least four other lawsuits that were dismissed as frivolous").

It is so **ORDERED**.

                                                              Charles F. Lettow
                                                              Judge